BETSY-LEN MOTOR HOTEL CORPORATION

V.

HOLIDAY INNS, INC., ET AL.

Record No. 890394

November 10, 1989

Present: Carrico, C.J., Compton, Stephenson, Russell and Whiting, JJ.,
and Poff, Senior Justice, and Cochran, Retired Justice

*William R. Cogar (Carter Glass, IV; Donald R. Lee; Mays & Valentine,* on briefs), for appellant.

*R. Noel Clinard (Thomas G. Slater, Jr.; Barbara O. Bruckman; Charles H. Carrathers, III; Donnell J. McCormack, Jr.; Lewis S. Minter; Stewart E. Farrar; Anthony Gambardella; Joel H. Peck; Hunton & Williams,* on briefs), for appellees.

PER CURIAM.

In this appeal of right, we consider whether the State Corporation Commission correctly determined, under Code § 13.1-564 of the Retail Franchising Act (the Act), that a franchisor may terminate a franchise agreement of limited duration without establishing statutory "reasonable cause."

Appellant Betsy-Len Motor Hotel Corporation, the franchisee, and appellee Holiday Inns, Inc., the franchisor, executed a license agreement dated December 21, 1978, in connection with the operation of a Holiday Inn hotel in Danville. The agreement was the renewal of an original 1958 agreement.

Pertinent to this controversy, the 1978 agreement in question provided: "Effective December 18, 1988, either party may terminate this license agreement by giving nine (9) months prior written notice."

Code § 13.1-564 provides: "It shall be unlawful for a franchisor to cancel a franchise without reasonable cause or to use undue influence to induce a franchisee to surrender any right given to him by any provision contained in the franchise."

In August 1988, the franchisee filed a petition with the Commission asserting that the franchisor had given written notice on March 18, 1988 of termination of the agreement effective December 18, 1988. The franchisee alleged that the franchisor's action was taken without any reasonable cause and thus violated the foregoing statute. The franchisee asked the Commission to deter-

mine the reasonableness of the franchisor's action and to enjoin it from terminating the agreement without reasonable cause.

The Commission did not conduct an evidentiary hearing; it considered oral and written argument of counsel and received numerous documents tendered by the franchisor purporting to demonstrate the parties' understanding about the term of the agreement.

The Commission ruled, stating it "deliberately ignore[d]" the documents, that termination of the agreement in conformity with its specific language would not be a violation of § 13.1-564. The franchisee attacks this ruling on appeal.

The Commission also decided that the franchisor's attempted termination by notice furnished prior to December 18, 1988 did not comply with the agreement. Viewing the termination language as clear and unambiguous, the Commission said that the adverbial clause, "Effective December 18, 1988," modifies the remainder of the sentence. Thus, the Commission ruled, the rights given both parties to deliver a termination notice did not arise until December 18, 1988. Accordingly, the Commission found that the franchisor's action taken prior to December 18, 1988 to terminate the agreement was unlawful under § 13.1-564 and enjoined the franchisor from violating that portion of the agreement. The franchisor does not challenge this ruling. In fact, counsel advise us that the termination notice was reissued in January 1989 and that the parties have agreed to extend the period of that notice through the date of this opinion.

On appeal, the franchisee states that the agreement provides that either party can terminate it upon nine months' written notice given on or after December 18, 1988. This provision, the franchisee argues, purports to allow the franchisor "to cancel the Agreement for any reason, or for no reason at all," and thus is of "no effect from the Agreement's inception to the extent it would allow a cancellation by Holiday Inns without reasonable cause."

In addition, the franchisee points to what it labels the Act's "anti-waiver" provision. Code § 13.1-571(c) provides: "Any condition, stipulation or provision binding any person to waive compliance with any provision of this chapter . . . shall be void. . . ." Contending that the statute's purpose "is to ensure that the protections of the Act can never be bargained away," the franchisee asserts that the Commission has "created a loophole through which franchisors can cancel franchise agreements arbitrarily and capriciously, contrary to the express language of the Act."

We do not agree with either of the franchisee's contentions. Neither statute relied upon by the franchisee is applicable under these circumstances.

■ As we recently have noted, the Act is designed "to equalize the balance of power between franchisors and franchisees," *Crone* v. *Richmond Newspapers, Inc.*, 238 Va. 248, 254, 384 S.E.2d 77, 80 (1989), and requires franchisors "to deal fairly with their franchisees with reference to all aspects of the franchise relationship." Code § 13.1-558. Nevertheless, the Act does not proscribe the parties to a franchise from, as here, agreeing that it shall be in force for a limited duration and that it shall extend for an identifiable period of time, where there is no claim of duress or mistake.

■ As the Commission noted, the Act was intended to prevent the unfair, arbitrary, and capricious abrogation of a franchise agreement before the end of an identifiable period of time to which the parties agreed at the inception of the agreement. The Act does not, however, require renewal or extension of a franchise after it lawfully terminates according to its terms.

■ Under the present agreement, in clear language, the franchisor (as well as the franchisee) was given an unqualified right to terminate the agreement at the end of the ten-year period. Like the Commission, we conclude that the act of giving notice in strict conformity with the agreement "is not the sort of mischief that Code § 13.1-564 was intended to prohibit."

Consequently, the Commission's December 1988 final order will be

*Affirmed.*